IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HEIDI HANNA and CHARLES C. HILL, | § § § | |
| Plaintiffs, | § § § | |
| v. | § § | |
| PETER KIM BLANCHETTE, MARY ELLEN BLANCHETTE, ADAM BLANCHETTE, MATT BLANCHETTE, JOEL BLANCHETTE, AARON BLANCHETTE, MARK BLANCHETTE, BLANCHETTE PRESS, LTD., BLANCHETTE PRESS, INC., and TOM DENNIS, | § § § § § § § § § § | CIVIL ACTION NO. H-13-3119 |
| Defendants. | § § | |

MEMORANDUM AND ORDER

Pending is Plaintiffs Heidi Hanna's and Charles C. Hill's Motion to Remand (Document No. 13). After carefully considering the motion, response, reply, and the applicable law, the Court concludes that the motion should be denied.

I. Background

Plaintiffs Heidi Hanna and Charles C. Hills ("Plaintiffs") brought this suit in state court against Defendants Peter Kim Blanchette ("Kim Blanchette"), Mary Ellen Blanchette, Adam Blanchette, Matt Blanchette, Aaron Blanchette, Mark Blanchette, Joel Blanchette (collectively, "the Blanchettes"), Blanchette Press, Ltd. ("BPL"), Blanchette Press, Inc. ("BPI"), and Tom Dennis

("Dennis"), alleging that Defendants defrauded them of more than $8.5 million.[1]

Plaintiffs, who are married, own a small marketing business in Houston.[2] They allege that years ago, Dennis, who acts as a broker for printing companies, introduced them to "Blanchette Press," a family business owned by Kim and Mary Blanchette and their five adult sons (together, the Blanchettes).[3] Plaintiffs allege that their business was successful in the mid-2000s and Blanchette Press became their preferred printer, and that the two families became good friends, traveling and spending holidays together.[4] Plaintiffs allege that this relationship was "fabricated solely for the purpose of conning [Plaintiffs] out of their money."[5]

Plaintiffs allege that "[a] couple of years ago," Joel Blanchette approached Ms. Hanna and asked her to provide funds to

---

[1] Document No. 1-3 (Orig. Pet.). After the case was removed, Plaintiffs filed an Amended Complaint. Document No. 14. However, on a motion to remand, the court looks exclusively to the pleading at the time of removal. See Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995) (removal jurisdiction is "determined on the basis of claims in the state court complaint as it exists at the time of removal") (citing Pullman Co. v. Jenkins, 59 S. Ct. 347, 349 (1939) (on motion to remand, circuit court erred in considering complaint amended after removal)).

[2] Document No. 1-3 ¶ 15.

[3] Id. ¶ 16-17. Beginning in ¶ 15 of their Original Petition, Plaintiffs refer to BPI and BPL collectively as "Blanchette Press." See Document No. 1-3.

[4] Id. ¶ 18.

[5] Id. ¶ 19.

deposit into an escrow account at the Wynn Hotel and Casino in Las Vegas, Nevada, so that he could participate in high stakes table gambling.[6]  Joel Blanchette allegedly assured Ms. Hanna that her funds would never be at risk and could be returned at her request at any time.[7]  Ms. Hanna subsequently transferred a total of at least $8.5 million over several months to an account controlled by Joel Blanchette at Chase Bank, after which he "apparently removed the money . . . and converted it to cash," while continuing to reassure Ms. Hanna that her funds were safe in the cage at the Wynn Casino.[8]

Plaintiffs allege that Joel Blanchette "developed an elaborate web of lies and made a series of misrepresentations about how he was protecting those funds," and that "Kim Blanchette and Mary Blanchette continuously reassured Ms. Hanna that everything was fine."[9]  Plaintiffs allege that Ms. Hanna ultimately became suspicious and requested her money back, and that Joel Blanchette repeatedly told her he was returning the funds and even sent fraudulent wire confirmations, but never returned any of the funds.[10]  Plaintiffs allege that Ms. Hanna began an investigation

---

[6] Id. ¶ 20.

[7] Id.

[8] Id. ¶ 21.

[9] Id. ¶ 22.

[10] Id. ¶¶ 22-23.

and tracked Joel Blanchette to London, where he was hiding in a hotel room, and that eventually "he confessed that he and his entire family were sharing the ill gotten money and this scheme was orchestrated with his father's knowledge."[11] Plaintiffs allege that this sharing "resulted in the purchase of a condominium by Kim Blanchette and Mary Blanchette . . . , luxury watches, extravagant meals, cars, private jet usage and extraordinary hotel stays."[12]

Plaintiffs sue to recover no less than $8.5 million in actual damages, plus punitive and additional damages, interest, and attorneys' fees.[13] Plaintiffs allege against the Blanchettes, BPL, and BPI causes of action for fraud, misapplication of fiduciary property, conspiracy to misapply fiduciary property, theft, money had and received, and violation of the Uniform Fraudulent Transfer Act, and seek imposition of a constructive trust upon all assets of these Defendants and injunctive relief.[14] Plaintiffs also allege against Dennis causes of action for negligence and negligent misrepresentation.[15]

Kim Blanchette, Mary Ellen Blanchette, Adam Blanchette, Matt Blanchette, Aaron Blanchette, and Mark Blanchette (collectively,

---

[11] Id. ¶ 24.

[12] Id.

[13] Id. at 12.

[14] Id. ¶ 25.

[15] Id. ¶ 26.

the Blanchette Movants), BPI, and BPL removed the case to federal court, arguing that BPI was the only non-diverse party and was improperly joined.[16] Plaintiffs subsequently moved to remand.[17] It is undisputed that Plaintiffs and BPI are Texas citizens for purposes of diversity jurisdiction and that the Blanchette Movants and BPL are Canadian citizens.[18] Joel Blanchette is alleged to be a resident of Nevada or the United Kingdom.[19] Plaintiffs never served Dennis, a Texas resident, and his citizenship is therefore disregarded.[20]

## II. Legal Standard

To establish that a non-diverse defendant has been improperly joined, the removing party must prove either (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a cause of action against the non-diverse defendant. Ross v. Citifinancial, Inc., 344 F.3d 458, 461 (5th Cir. 2003). Here, Defendants do not assert that Plaintiff

---

[16] Document No. 1.

[17] Document No. 13.

[18] See Document No. 1 at 3; Document No. 13 at 1.

[19] Document No. 1-3 ¶ 8. Plaintiffs allege that Joel Blanchette is "on the run," that there is currently a warrant for his arrest in Nevada, and that he is represented by a criminal law attorney in Sweden. Id.

[20] Document No. 1-3 ¶ 13. See Evans v. Rare Coin Wholesalers, Inc., 4:09CV259, 2010 WL 595653, at *2 (E.D. Tex. Jan. 28, 2010) (citing 28 U.S.C. § 1441(b)).

fraudulently pleaded jurisdictional facts, so only the second prong is at issue. Under this prong, "[t]he court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability" on the non-diverse defendant. Id. at 462. A reasonable basis for state liability requires that there be a *reasonable* possibility of recovery, not merely a *theoretical* one. Id. The Fifth Circuit has explained:

> [T]he standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The scope of the inquiry for improper joinder, however, is broader than that for Rule 12(b)(6) because the court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim.

Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007) (citing Ross, 344 F.3d at 462-63); accord Travis v. Irby, 326 F.3d 644, 648-49 (5th Cir. 2003). Whether or not to "pierce the pleadings" is discretionary, and may be appropriate in order to identify the presence of discrete and undisputed facts that would preclude a plaintiff's recovery against the non-diverse defendant. Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 574 (5th Cir. 2004). The focus of this summary inquiry must be on whether the defendant was improperly joined in order to defeat diversity, not on the overall merits of the plaintiff's case. Id. at 573.

The party claiming improper joinder bears a "heavy" burden of persuasion. Id. All factual allegations in the state court

petition are considered in the light most favorable to the plaintiff, <u>Guillory v. PPG Indus., Inc.</u>, 434 F.3d 303, 308 (5th Cir. 2005), and contested issues of fact and any ambiguities in state law must be resolved in favor of remand. <u>Gasch v. Hartford Accident & Indem. Co.</u>, 491 F.3d 278, 281 (5th Cir. 2007).

### III. <u>Analysis</u>

Plaintiffs argue that remand is necessary because the parties lack complete diversity, inasmuch as both they and Defendant BPI are Texas citizens.[21] Defendants contend that Plaintiffs have failed to allege facts that would give rise to any cause of action against BPI, and that BPI is therefore improperly joined.[22]

The only allegation in Plaintiffs' Original Complaint specific to BPI is Plaintiffs' identification of BPI as a Texas corporation.[23] The remainder of the Original Complaint groups together BPI and BPL as "Blanchette Press" and does not distinguish

---

[21] Document No. 13.

[22] Document No. 18. Defendants' Response and Plaintiffs' Reply both erroneously rely on Plaintiffs' Amended Complaint, but their arguments apply generally to the allegations in the Original Petition as well. <u>Id.</u>; Document No. 22.

[23] *See* Document No. 1-3 ¶ 12 ("Defendant Blanchette Press, Inc. ('Blanchette Press Texas') is a Texas Corporation presently doing business [at] 7500 River Road, Richmond, British Columbia, Canada. Blanchette Press Texas may be served with this Petition together with Citation by serving its registered agent, Corporation Service Company d/b/a Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.").

between their activity.[24] Such a pleading is insufficient to provide a reasonable basis for recovery against BPI and thereby to defeat diversity. *See* TAJ Properties, LLC v. Zurich Am. Ins. Co., CIV.A. H-10-2512, 2010 WL 4923473, at *4 (S.D. Tex. Nov. 29, 2010) (denying motion to remand because "[a]llegations merely asserted against 'Defendants,' without alleging what facts are attributed to [the non-diverse party] individually as opposed to [the diverse party], do not provide a reasonable basis for recovering from [the non-diverse party]."); Holmes v. Acceptance Cas. Ins. Co., 942 F. Supp. 2d 637, 647 (E.D. Tex. 2013) ("[T]he court finds that [the plaintiff's] allegations regarding [the non-diverse party] are conclusory and fail to allege any specific conduct that could support a claim for relief under the Texas Insurance Code or the DTPA. Specifically, all of [the plaintiff's] factual allegations are grouped indiscernibly against 'Defendants.' Thus, her petition does not distinguish [the non-diverse defendant's] actions from those of [the diverse defendant].") (citation omitted).[25]

---

[24] *See* Document No. 1-3 ¶ 14 ("Venue is appropriate in Harris County against Mr. Dennis because, in his capacity as a salesman for Blanchette Press, and Blanchette Press Texas (hereinafter 'Blanchette Press' and 'Blanchette Press Texas' are collectively referred to as 'Blanchette Press') he solicited work from Hill here in Houston, Harris County, Texas.").

[25] The Original Complaint also conclusorily identifies BPI as one of the "Co-Conspirators" that "scammed [Plaintiffs] out of more than $8,500,000.00," but does allege or describe any particular actionable conduct by BPI. Document No. 1-3 ¶ 1. This likewise does not establish a reasonable basis for recovery against BPI.

Even assuming, *arguendo*, that all allegations regarding "Blanchette Press" refer to BPI, the specific factual allegations consist only of the following:

> Years ago Hill was introduced to Blanchette Press by Mr. Dennis. . . . Mr. Dennis said that Kim Blanchette owned the business with his sons and that they were trustworthy, honest and dependable. Mr. Hill relied upon those statements in deciding to do business with Blanchette Press. Although Mr. Dennis may have believed what he said it is now self evident that Blanchette Press is a business operated by common criminals.[26]
>
> The business of Blanchette Press is owned by Kim Blanchette with his wife Mary Blanchette. . . . On information and belief some of the ownership of Blanchette Press may have since been fraudulently transferred into a trust for the benefit of the Gang of Five.[27]
>
> In the mid-2000s Hill's business was great and Hill contracted for a lot of printing work. Hill's preferred printer became Blanchette Press. Hill provided hundreds of thousands of dollars in business to Blanchette Press. As the years progressed the relationship between Hill and Blanchette Press blossomed such that the Blanchette family became good friends with Mr. Hill and Ms. Hanna.[28]
>
> . . . Mr. Hill and Ms. Hanna assert the following causes of action against Kim Blanchette, Mary Blanchette, Blanchette Press and the Gang of Five:
>
>     A.  Fraud
>     B.  Misapplication of Fiduciary Property
>     C.  Conspiracy to Misapply Fiduciary Property
>     D.  Theft
>     E.  Money Had and Received

---

[26] Document No. 1-3 ¶ 16.

[27] Id. ¶ 17. In their Original Petition, Plaintiffs refer to the Blanchette children collectively as "the Gang of Five." Id.

[28] Id. ¶ 18.

      F.  Violation of the Uniform Fraudulent Transfer Act
      G.  Imposition of a Constructive Trust upon all assets of these Defendants
      H.  Injunction[29]

These allegations do not demonstrate a possibility of recovery against BPI that is reasonable rather than merely theoretical. *See* Holmes, 942 F. Supp. 2d at 647 (denying motion to remand where "Plaintiffs do not describe any specific, actionable conduct by [the non-diverse party]."). Taken together, the references to "Blanchette Press" in the Original Petition do not allege any action by BPI other than doing business with Plaintiffs. Plaintiffs' conclusory allegation that "Blanchette Press is a business operated by common criminals" is unsupported by any allegations of specific actionable conduct by BPI that could give rise to liability, and the remainder of the Original Petition describes only actions by the individual defendants.[30]

Plaintiffs argue that discovery may reveal a connection between Joel Blanchette and BPI, and that Kim Blanchette's knowledge as officer and director may be imputed to BPI, such that "there is a reasonable basis for this Court to predict that the Plaintiffs might be able to recover" against BPI.[31] However, such speculation about what discovery might show is inapposite. The Court must take Plaintiffs' factual allegations as true and draw

---

[29] Id. ¶ 25.

[30] Id. ¶ 16.

[31] Document No. 22 at 3-4.

reasonable inferences in their favor, but the allegation of facts is a prerequisite for this deference. Here, the Original Petition does not allege any specific actionable conduct by BPI, and therefore does not support a cause of action against BPI. BPI is therefore improperly joined, and remand will be denied.

IV. Order

Based on the foregoing, it is

ORDERED that Plaintiffs Heidi Hanna's and Charles C. Hill's Motion to Remand (Document No. 13) is DENIED.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED at Houston, Texas, on this 3rd day of February, 2014.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE